By the Court.
By the provisions of Section 614-44, General Code, any municipal corporation in. which any public utility’ is established may by -ordinance at any time within one year before the expiration of any contract entered into under the .provisions of Sections 3644; 3982 and 3983, General Code, between the municipality and the pub-lie utility with respect to -the. rate, price, .charge,' toll or rental to be made for- any commodity or service, or at any other time, authorized by law, proceed to fix the price, rate, charge, toll or rental that, such public utility may^charge therefor for an ensuing period as provided 'in’ the sections named, whereupon the commission upon complaint in writing of such public utility, or upon complaint of one per centum of the electors of . such municipal corporation, which complaint shall be filed within sixty days after the passage of the ordinance, shall give thirty days’ notice of the complaint and the time'and'place of hearing, thereof; and the section provides that the commission shall at such time 'proceed to hear such- complaint. Section 614-45, General Code, declares that the complaint shall not opérate to suspend the rate, fixed by the ordinance unless an undertaking is given as prescribed in the section. The following section (614-46) provides: *124 “If the commission, after such hearing, shall be of the opinion that the rate, price, charge, toll - or rental, so fixed by ordinance is or will be unjust or unreasonable, or insufficient to yield reasonable compensation for the service, the commission shall, with due regard to the value of all the property of the public utility actually used and useful for the convenience of the public, * * * fix and determine the just and reasonable rate, price, charge, toll or rental to be charged, demanded, exacted or collected by such public utility, during the period so fixed by ordinance, which shall not be less than two years, and order the same substituted for the rate, price, charge, toll or rental so fixed by ordinance or the commission may find and declare that the rate, price, charge, toll or rental, so fixed by ordinance, is just and reasonable, and ratify and confirm the same.” The final sentence in this section reads as follows: “Thereupon the commission shall make inquiry and investigation with respect to the ability 'of such public utility to furnish its product during such period, if it be found that it is able so to do, the commission shall order the public utility in question to continue to furnish the same for the period and at the rate, price, charge, toll or rental so fixed and determined, and such public utility shall continue to furnish its product as provided in such order.”
Now, in this case, the commission, after the elaborate hearings referred to in the statement of the case, found that the maximum rate of three cents fixed by the ordinance was unjust and unreasonable and that a maximum rate of ten cents *125 per kilowatt hour is just and reasonable for such service.
The portion of the statute just quoted provides that when the commission- finds that the utility is able to furnish the product during such period it “shall order the public utility in question to continue to furnish the same for the period and at the rate, price, charge, toll or rental so fixed and determined, and such public utility shall continue to furnish its product as provided in such order.” Therefore, by the plain terms of this finding and .order of the commission, the company would be entitled to charge ten cents per kilowatt hour for all of, the current furnished by it to any of its customers to be used at any time for any service. It is not only not contended that ten cents would be a júst and reasonable rate under those circumstances, — it is conceded that it .would not be, — but it is urged that the ten cents was fixed as the maximum sum, and that the utility would in practical operation prepare schedules which would disclose varying rates for -services of different natures, and which would result in a much less average charge to all consumers in all classes than ten cents. No provision of law is pointed out which gives the legal authority to' the company to itself determine what this graduated scale of prices to the public shall be, after ibhas elected to disregard the maximum rate which the commission has permitted it to charge. But it is contended that the- commission’s finding merely fixes the maximum sum beyond which the company could not' go in its charge against any consumer.
*126 But that was not the duty imposed by the statute upon the commission. Its duty as fixed by the statute is not so indefinite. Its duty is plain and clear. The language is that it shall "fix and determine the just and reasonable rate,” and the provision further is that when so fixed it shall order “the public utility in question to continue to furnish the same for the period and at the rate * * * so fixed and determined.” -It is easy to understand that a commodity furnished might be of such a nature as not to require much classification, as for instance natural gas, while electricity for residence, commercial and power purposes would.
From the record we think it may be said that the commission correctly found that the rate fixed by the ordinance was unjust and unreasonable. It was one maximum rate to cover the entire service furnished by the utility. Under the ordinance the company was limited to three cents, for residence, for commercial and for power purposes. When the utility filed its complaint or appeal to the public utilities commission the whole matter thereby came under the jurisdiction of the commission to do the things which the statute itself specifically defines. If it found that a uniform maximum rate fixed by the ordinance for all services was unjust and unreasonable it was its duty to do as the prayer of the company’s complaint asked— fix a just and reasonable rate, or schedule of rates if it found that different rates should be provided for different classes of service. The prayer of the company’s complaint reads that the commission “shall fix and *127 determine the just and reasonable fate or schedule of rates to be charged for the service.”
In the finding entered by the commission there is • discussion of the authority conferred by our statutes to. fix the rate for electricity for power purposes, and the commission concludes: “We think it was not the intention of the legislature to confer upon municipalities the power to enter the realm of the industrial world and regulate rates for power purposes.”
Since the order of the commission, this court has decided in two cases, City of Washington v. Public Utilities Commission, 99 Ohio St., 70, and Ohio River Power Co. v. City of Steubenville, 99 Ohio St., 421, that the council of a municipality has authority to fix the price that an electric light company may charge a .city or, its inhabitants for electric current for light and power purposes. In the view that the commission entertained on the subject of course the commission on appeal would not pass on the reasonableness of rptes with reference to power purposes.
In the complaint filed by the company with the commission it is said “that the 'cost of furnishing electricity per unit, that is, per kilowatt hour, is not uniform for all consumers, but varies with the different consumers of the complainant, dependent upon the demand, the duration, the hours’ use per day of the demand, the' quantity of electricity used, the time when used, the purpose for which used, and other conditions and factors; that such variation in cost per unit divides such consumers into distinct classes of service,- and that notwithstanding *128 such classification of service and such variation in the cost of service, said council fixed said maximum price below the cost of furnishing service to such classes of consumers, and in passing said' ordinance acted arbitrarily, unjustly, unreasonably and unlawfully, in that said ordinance compels the complainant to furnish to such classes of consumers electricity for light,, heat and power for public and private consumption, without reasonable and just compensation and below the cost of furnishing the service.” That is a fair statement of the contention of the company and of the thing that was presented' to the commission for decision, and when the commission found that the complaint should be sustained it was its duty under the statute to go forward and render the service the statute laid down. If the city had gone forward, as it had authority to do under our holding in the Washington and Steubenville cases above mentioned, and had fixed a certain rate for power purposes, and also a rate for residence and commercial purposes, the appeal would have carried the whole question up to the commission; and when it fixed one rate for all purposes the appeal carried the whole matter up to the commission to be dealt with as to all classes of service.
In Hocking Valley Ry. Co. v. The Public Utilities Commission et al., 92 Ohio St., 362, it was held that the state in the exercise of the discretion with which it is vested, in prescribing rates for intrastate traffic, may make reasonable classifications of business.
*129 It is contended that notwithstanding the maximum rate of ten cents which the commission found to be a just and, reasonable rate, and notwithstanding the statute provides that the company shall continue to furnish the service at the rate so fixed and determined, still it was the duty of the company under Section 614-16 to file a schedule of rates which it would expect' to charge, and that if its charges were too great that the commission under Section 614-21 could, on-Complaint, correct the same and fix the just and reasonable schedule. But those sections apply to every public utility and to rates fixed by the utility itself for all of the services referred to. Section 614-21 has no relation to a rate fixed by ordinance, nor to any complaint, or appeal from an ordinance passed by a municipality which the municipality ■ was authorized to pass. It relates to appeal from rates fixed by the company itself. To sustain the contention referred to would be to hold that the entire proceeding on appeal to the commission from the action of a municipality i§ an expensive, empty and useless thing, without any real purpose or result.
The whole matter comes to this: That if the only duty of the commission on appeal was to approve or to disapprove the uniform maximum rate fixed by the city, and, if it disapproved, to fix another uniform maximum rate for all services, then the ten cent maximum rate fixed by the commission must be set aside; for it is conceded to be too high for an actual operating uniform rate to be charged, exacted and collected by the utility for the two *130 years. But if it was the duty of the commission to proceed as the statute says, and fix and determine a just and reasonable rate, then the order must be reversed and the proceeding remanded with directions to proceed in accordance with this opinion; and that order will be made.

Order reversed and proceeding remanded.

Nichols, C. J., Matthias, Johnson, Donahue and Robinson, JJ., concur.
Wanamaker, J., concurs in reversal, but not in remanding. *